J. D. BOUSHALL, RECEIVER OF THE RALEIGH CUSTOM SHIRT MANU-
FACTURING COMPANY, v. W. A. MYATT.

(Filed 11 November, 1914.)

**1. Corporations—Subscriptions to Capital Stock—Bona Fides—Test.**

A subscription to the capital stock of a corporation is *bona fide* when-
ever made by one who subscribed in good faith with a reasonable expecta-
tion and apparent prospect of being able to pay assessments on his stock
as they might thereafter be called for, and when there is no evidence pre-
sented or offered tending to show that the subscriptions were not *bona
fide*, under this test, one who has subscribed to the stock under an agree-
ment that the subscriptions should be *bona fide* may not avoid the obli-
gation on his subscription in an action brought against him for its pay-
ment, on the ground that the subscribers at a preliminary meeting had
refused to accept as the test of their good faith the cash payment at
once and in full for the amount of their subscriptions.

**2. Corporations—Subscribers to Stock—Management—Release—Contracts—
Consideration—Trials—Evidence—Questions for Jury.**

Both by the general law and under our statute, Revisal, sec. 1141, the
management of a corporation, before the first directors are elected, vests
entirely in the subscribers, and, before the rights of creditors have super-
vened, the subscribers or stockholders may, by the consent of each and
all of them and within the limits of the charter, release one from his sub-
scription to the stock, the consent of one party to such arrangement, as
in other contracts, being a sufficient consideration for the consent of the
others; and under the circumstances of this case it is held that there was
sufficient evidence of the release of the defendant, against whom action
was brought for payment of his subscription to stock in a corporation, to
be submitted to the jury.

APPEAL by defendant from *O. H. Allen, J.,* at June Term, 1914, of
WAKE.

Civil action to recover on a subscription to stock in plaintiff corpora-
tion.

Plaintiff offered in evidence certificate of incorporation duly signed
by the Secretary of State, showing a subscription of one hundred and
five shares of stock, including five shares by defendant; as alleged, and
admission in the answer that these shares had never been paid for, and
there was evidence of insolvency and appointment of receiver, etc.

Defendant offered evidence tending to show that he and some others had
signed a preliminary written agreement to take a stated number of shares,
"the same not to be binding until *bona fide* subscriptions for at least one
hundred shares of stock are received." That they afterwards obtained
a charter of incorporation on a subscription absolute in terms for the
one hundred and five shares, including that of defendant, and that at the
meeting held for the purpose of organizing under the charter the defend-
ant being then ready to pay, he had demanded as evidence of good faith

that the subscribers pay up in full; that one C. H. Towles, another subscriber and chief promoter of the enterprise, had replied that this was not to be expected, and if required would work a great hardship on him and some of the others, and, on defendant's insisting upon his position, said Towles, then and there, in the presence of the others, said that if such was defendant's attitude, he would have to be excused, and defendant thanked the company present and, accepting this as the sense of the other members, he left the meeting and had not taken any part in the organization or business of the corporation nor received any shares of stock nor attended any meetings or been notified to do so, etc.

There was evidence for plaintiff in contradiction of some of these statements.

The evidence offered by defendant having been first tentatively received, his Honor afterwards withdrew from the consideration of the jury any and all testimony tending to show a breach of the alleged condition and also any testimony tending to show a release. Defendant excepted.

The court then charged the jury that if they believed the evidence they would render a verdict for plaintiff.

Verdict for amount of subscription. Judgment, and defendant excepted and appealed.

*W. H. Pace and S. Brown Shepherd for plaintiff.*
*Clark & Broughton and Manning & Kitchin for defendant.*

HOKE, J. The defendant, admitting his subscription for five shares absolute in terms and which he has not paid, resists recovery, claiming that he is relieved of his obligation by reason of noncompliance with condition precedent attached to a preliminary agreement among some or all of the subscribers, to the effect that their subscriptions should not be binding unless there were as much as one hundred shares *bona fide* subscribed. (2) Because he was legally released from his contract.

It is undoubtedly the general rule that except in cases of fraud, and then only in restricted instances (*Chamberlain v. Trogden,* 48 N. C., 139), a subscriber to stock in a corporation, absolute in terms, may not be relieved of his obligation by reason of nonperformance of conditions attached to a preliminary agreement among some of the members prior to incorporation; a position especially insistent where the rights of creditors have supervened (*Foundry Co. v. Killian,* 99 N. C., 501; *North Carolina Co. v. Leach,* 49 N. C., 340; *Thompson v. Reno Savings Bank,* 19 Nev., 103; *Burke v. Smith,* 16 Wallace, 390; *R. R. v. Bailey,* 24 Vt.; 465; 2 Clark and Marshall on Corp., sec. 460), and, in any event, there has no harm come to appellant by reason of the ruling of his Honor on the first position, because, on perusal of the evidence, we are of opinion

that there was no evidence of any fraudulent imposition on the defendant, nor is there any testimony worthy of consideration tending to show that the condition had not been complied with.

The position insisted upon by defendant and, to some extent, presented in the record, that in order to a *bona fide* subscription, there must be a present payment in cash or a solvent subscriber, cannot be sustained, but, on authority, a subscription should properly be considered *bona fide* whenever made by one who "subscribes in good faith with a reasonable expectation and apparent prospect of being able to pay assessments on his stock as they might thereafter be called for." *Holman v. The State,* 105 Ind., pp. 569-73; this according to the terms of the contract and valid regulations made pursuant to the charter. And, according to this interpretation, there is no evidence presented or offered tending to show that the subscriptions made in this case were not *bona fide,* even if the position were available to defendant.

We must hold, however, that there was reversible error in withdrawing from the jury any and all testimony tending to establish a release, as claimed in the second position. Under our statute, Revisal, sec. 1141, until directors are elected, the corporate affairs and management are vested entirely in the subscribers, and both under this section and by the general law it is fully recognized that before any rights of creditors have arisen the subscribers or stockholders may, by the consent of each and all of them and within the limits of the charter, release one from his subscription to stock, the consent of one party to such arrangement, as in other contracts, being regarded as sufficient consideration for the consent of the others. *Shoemaker v. Lumber Co.,* 97 Wis., 585; *Scottish Security Co. v. Starks,* 117 Ky., 609; 1 Cook on Corporations (7 Ed.), sec. 168; 2 Clark and Marshall on Corp., p. 476; 1 Purdy's Beach on Corp., sec. 240; Clark on Corp., p. 328. In Cook, *supra,* it is said: "A subscription contract, like any other, may be waived, canceled, or dissolved by the mutual consent of all the parties interested. The interested parties are the subscriber himself, the stockholders, and the corporate creditors existent at the time of the cancellation. Frequently the directors of a corporation attempt to usurp this right and power of the general stockholders. The well established rule, however, is that corporate directors are not authorized to agree with a subscriber that his subscription shall be canceled, unless such power is given them by the charter or statute or the laws of the corporation," and in Clark, *supra,* the author says: "A subscriber may be released in whole or in part from his contract by the corporation with the consent of *all* the other shareholders; but he cannot withdraw and surrender his shares without the consent of the corporation; nor can he do so with the consent of the corporation,

unless the other subscribers consent; nor can he do so with the consent both of the corporation and the other subscribers if the amount due from him is required to pay corporate debts."

Applying the principle and without adverting to the evidence in detail, we think there was testimony presented on the part of the defendant requiring that the issue as to defendant's liability be submitted to the jury on the question whether there was a valid release of defendant's subscription; each and all the other subscribers assenting thereto and before any rights of existent creditors had arisen.

For the error indicated there will be a new trial, and it is ordered.

New trial.